UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ROBERT DOLAN AND § | | |
| JEFFERY LEE JONES, § | | |
| Individually and On Behalf of All § | | |
| Others Similarly Situated, § | CIVIL ACTION NO. 1:20-CV-1304 | |
|     Plaintiffs, § | | |
| § | | |
| vs. § | CLASS ACTION COMPLAINT | |
| § | | |
| CIMAREX ENERGY CO. § | | |
|     Defendant. § | | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiffs Robert Dolan and Jeffery Lee Jones, on behalf of themselves and all others similarly situated (the "Class Members"), and files this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1.	Cimarex Energy Co. was formerly the employer of Plaintiffs and other Class Members. Plaintiffs Robert Dolan and Jeffery Lee Jones worked as Drilling Consultants from 2012 until March of 2020. While working for Cimarex, Plaintiffs were classified as independent contractors. During their time with Cimarex, Plaintiffs typically worked between 90-100 hours per week. Plaintiffs received a day rate regardless of the number of hours they worked in a given day or week, and never received overtime pay.[1] On information and belief, there are at least 50-75 individuals since 2012 that have, like Plaintiffs, been paid day rates and denied overtime while working as Drilling Consultants for Cimarex in New Mexico.

---

[1] These pay practices are referred to herein as the "Day Rate Policy."

2. Cimarex has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiffs and other Class Members overtime at the legally required rate. Plaintiffs, individually and on behalf of all other Class Members, bring this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA.

3. This class action consists of:

> **ALL CURRENT AND FORMER DRILLING CONSULTANTS AT CIMAREX WHO (1) WORKED AT LEAST ONE WEEK PER YEAR IN NEW MEXICO AND (2) WERE PAID A DAY-RATE AND DENIED OVERTIME FROM MARCH OF 2012 UNTIL THE PRESENT.[2]**

4. Defendant has willfully committed widespread violations of the NMMWA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiffs are individuals residing in Texas.

7. Cimarex is a Delaware corporation with its principal place of business in Denver, Colorado. Cimarex may be served through its registered agent for service of process in New

---

[2] Members of this proposed class will hereinafter be referred to as the "Class Members." Plaintiffs began working for Cimarex in March of 2012, and Cimarex at that time was misclassifying its Drilling Consultants as day rate independent contractors with no overtime pay, and it continued to do so at least until Plaintiffs were terminated earlier this year. Thus, Cimarex has committed a continuing violation of the NMMWA as to all class members since at least 2012 because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," *see* NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiffs and the Class Members would begin when Cimarex's misclassification scheme started, which Plaintiffs know was at least since 2012, and likely earlier. *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, Case No. 2:18-CV-811-MV-GJF (D.N.M. Nov. 16, 2020) (certifying NMMWA class action of oilfield workers from June 19, 2009 and June 21, 2017 based on continuing course of conduct provision of the NMMWA).

Mexico, CSC of Lea County, Inc., at MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, NM 88240 - 3465.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." This Court also has subject matter jurisdiction over the claims made in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case is seeking a class action under rule 23 of the Fed. R. Civ. P.; (2) the Class Members' total claims exceed $5,000,000 in the aggregate, exclusive of costs or interest; and (3) at least one Class Member is from a different state than Defendant.

9. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in New Mexico and it has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.

## IV. NMMWA COVERAGE FACTS

11. At all relevant times, Cimarex acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiffs and other Class Members. Cimarex was responsible for all decisions related to the wages to be paid to Plaintiffs and other Class Members, the work to be performed by Class Members, the locations of work performed by the employees, the hours to be worked by Class Members, and the compensation policies with respect to Class Members.

12. At all relevant times, Plaintiffs and the Class Members constituted individual employees employed by an employer as the term "employee" is understood under the NMMWA.

13. At all relevant times, Plaintiffs and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely, Plaintiffs' job assignment assisted in the production of oil and gas, which, upon its production, was placed into the stream of commerce and was shipped and sold across the United States. Moreover, Plaintiffs, in the performance of their job duties while working for Cimarex, regularly used instrumentalities of interstate commerce such as their cell phones and e-mail to communicate with others at Cimarex.

## V. FLSA COVERAGE FACTS

14. At all relevant times Cimarex acted as the employer with respect to Plaintiffs. Cimarex was responsible for all decisions related to the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensation policies with respect to Plaintiffs.

15. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

17. At all relevant times, Plaintiffs were employees for Defendant who were engaged in commerce or in the production of goods for commerce.

## VI. FACTUAL BACKGROUND

18. Cimarex is an oil and gas exploration company with significant operations in New Mexico. Cimarex has more than 200 leases in New Mexico, 220 currently producing wells in New Mexico, and 620 total wells in New Mexico, according to oil and gas industry website drillingedge.com.[3]

19. Cimarex uses Drilling Consultants every time it drills a well. Cimarex has two Drilling Consultants on each drilling rig at all times - one who works nights and one who works days, and they each work 12 hour shifts. They work a two-week-on, two-week-off schedule, and thus there are four Drilling Consultants that work on each rig. Because Plaintiffs and other Class Members are paid a fixed, non-negotiable day rate, and because their schedules are set by

---

[3] http://www.drillingedge.com/new-mexico/operators/cimarex-energy-co/215099.

Cimarex, the Class Members are not given any opportunity to share in the profit and/or loss of their services. Because they work a set, two-week on, two-week off schedule (working long hours) for Cimarex, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Cimarex closely supervised the Class Members, requiring them to have daily meetings with the Drilling Superintendent, as well as furnish daily reports to the Drilling Superintendent. The Class Members were also required to follow rigid plans for their work - for each drill site they are given a detailed "Prognosis" which provides a step-by-step manual authored by Cimarex's engineers as to how the well is to be drilled. The Class Members do not make any sort of investment in the facilities where they work. The Class Members did not provide their own tools or equipment - such tools and equipment are furnished by Cimarex. They are not allowed the freedom to take or reject assignments - instead they must report where they are ordered to go by Cimarex. Finally, the Class Members have no authority to hire or fire anyone, nor are they given the power to hire their own helpers, as true independent contractors typically do. Instead, if additional help is needed, they are to report this to Cimarex, who will then hire such additional help. This relationship is completely inconsistent with a true independent contractor relationship.

20. Every week, or virtually every week, that they worked for Cimarex, Plaintiffs worked more than 40 hours per week. Plaintiffs estimate that they averaged working 90-100 hours per week while employed by Cimarex.

21. No exemption excuses Defendant from paying Plaintiffs and other similarly situated Class Members overtime rates under the NMMWA. Plaintiffs and the Class Members were all paid on an *day rate* basis (meaning their pay fluctuated each week based on how many

days they worked each week), and thus none of them could fall within any of the white collar exemptions, as the *salary* basis is an essential element of all of the white collar exemptions.

22. Defendant violated the NMMWA by paying Plaintiffs and other Class Members pursuant to the Day Rate Policy that failed to pay Plaintiffs and other Class Members an overtime premium for all overtime hours worked.

23. Despite Plaintiffs and other Class Members routinely working over 40 hours per week, Defendant failed to pay them an overtime premium at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek in New Mexico.

24. Plaintiffs and other Class Members are entitled to receive overtime pay at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

25. Plaintiffs has retained the undersigned counsel to represent him and those similarly situated in this action. Under the NMMWA, Plaintiffs and those similarly situated are entitled to recover liquidated damages and all reasonable attorney's fees and costs incurred in this action.

## VII. NEW MEXICO CLASS ACTION ALLEGATIONS

26. Plaintiffs incorporate all allegations previously made in this Complaint.

27. Plaintiffs bring this class action on behalf of the respective Class Members.

28. The Class Members are so numerous that their joinder is impracticable.

29. While the precise number of the Class Members is unknown, a large number of Class Members worked for Defendant in at least one workweek of more than 40 hours in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

30. Plaintiffs' claims are typical of the Class Members.

31. Plaintiffs and the Class Members were classified as non-exempt from overtime.

32. The primary job duties of Plaintiffs and the Class Members consisted of non-exempt work.

33. Plaintiffs and the Class Members were not paid a guaranteed salary each week, but instead received day rate pay, which fluctuated weekly because they were paid a day rate for each day they worked.

34. Plaintiffs and the Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the time period Defendant's continuing course of conduct occurred.

35. Plaintiffs and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

36. Common questions of law and fact for the Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant's Day Rate Policy violated NMMWA by failing to pay the Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendant's Overtime Miscalculation Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

   c. The proper measure of damages of the Class Members; and

   d. Whether Defendant should be enjoined for such violations in the future.

37. As a result, Plaintiffs will fairly and adequately protect the Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

39. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the Class Members. No apparent difficulties exist in managing this class action. Plaintiffs intend to send notice to the Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VIII. CAUSES OF ACTION

**COUNT 1: VIOLATION OF NMMWA (Individually and On Behalf of Class)**

40. Plaintiffs incorporate all allegations previously made in this Complaint.

41. Plaintiffs and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). Since at least March of 2012, Defendant violated and continues to violate NMMWA by employing employees

and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiffs and the Class Members are entitled to their unpaid wages, treble and/or liquidated damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA. Moreover, Plaintiffs request that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## COUNT 2: VIOLATIONS OF FLSA (Individually Only)

42. Plaintiffs incorporate all allegations previously made in this Complaint.

43. Plaintiffs were non-exempt employees of Defendant.

44. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

45. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

46. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages for the entire period of Defendant's Day Rate Policy, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## IX. RELIEF SOUGHT

Plaintiffs pray for all relief requested herein, including:

a. For an Order certifying his NMMWA claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiffs as Class Representatives under NMMWA, and for designation of Plaintiffs' counsel as class counsel;

b. For an Order awarding Plaintiffs and the Class Members all unpaid overtime compensation, treble and/or liquidated damages, pre- and post-judgment interest and all available penalty wages under NMMWA;

c. For an Order awarding Plaintiffs all unpaid overtime compensation, liquidated damages, pre- and post-judgment interest and all other available remedies for their individual claims under the FLSA;

d. For all costs and attorneys' fees incurred prosecuting their claims, as allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**