IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT DOLAN, et al.,

      Plaintiffs,

v.                                                         No. CV 20-1304 WJ/CG

CIMAREX ENERGY CO.,

      Defendant.

## PROTECTIVE ORDER

The Parties having agreed to a Protective Order to preserve the confidentiality of information produced or disclosed by Parties pursuant to Federal Rules of Civil Procedure 26, 30, 33, 34 and 36, or by Court Orders, and the following agreement having been submitted by the Parties as a stipulated form of protective order:

**IT IS THEREFORE ORDERED:**

1. The following materials, if obtained during the course of this litigation, as permitted by federal law and the rules of this Court, may be marked private and confidential and subject to this Order:

    A. Medical, psychological or counseling records, and marital records related to any persons and the information contained in such records.

    B. Tax returns, pay records, loan applications, financial statements, W-9 forms, W-2 forms, and form 1099s related to the Plaintiffs, class members, putative class members, or any other persons, and non-public financial

records of the Defendant, and Defendant's corporate parents, affiliates, vendors, and employees.

C. Any documents showing invoices, salary, payroll, tax, insurance, benefit records, beneficiary designations or benefits or like records, including but not limited to those of current or former employees or contractors of Defendant or Defendant's vendors, or Defendant's vendors' workers, employees, or representatives.

D. Contracts, master service agreements, negotiations, pricing-data, bid sheets, documents reflecting drilling operations or reports, and similar documents of Defendant, between Defendant ant Defendant's vendors, and of Defendant's vendors' workers, employees, or representatives.

E. Social Security numbers and dates of birth of any persons shall be held confidential.

F. The names of minor children or incompetent persons shall be confidential, however such persons may be identified by initials.

G. Unlisted home addresses and unlisted home phone numbers and cell phone numbers.

H. Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g. However, the dates of attendance at a school, degrees obtained and dates of degrees shall not be confidential.

I. Trade secrets which are defined to mean: "a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing,

2

   compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort." *Herrick v. Garvey*, 298 F.3d 1184, 1190 (10th Cir. 2002).

2.  The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

3.  Confidential materials may only be disclosed to:
    - A.  The parties and class members that have filed a consent or are proper parties;
    - B.  The attorneys for the parties and the attorneys' staff;
    - C.  The Court, the Court's staff, and the staff of the Court Clerk;
    - D.  Any witness during the course of depositions;
    - E.  Any court reporter or videographer;
    - F.  Any person who is or reasonably may be expected to be a witness in this action; and
    - G.  Any person who reasonably would need to see such materials in order give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action.

4.  In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(e)(v)(A), (B), a party receiving medical records must:
    - A.  Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested;

and

B. Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected health information (including all copies made), which actions must be taken at the end of the litigation or proceeding.

5. In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Par. 3 (D), (F), and/or (G), such persons must sign the agreement attached hereto as Exhibit A. Such persons must be advised that the information is subject to a confidentiality order and that such order applies to them. Such persons must be advised that they must maintain such information as confidential.

6. Confidential records subject to this Order need not generally be filed or presented under seal. Medical, counseling or psychological records, marital records, personnel records, grade transcripts, trade secrets and non-public financial records or tax returns shall be sealed along with the portions of any transcripts of testimony, reports or other documents which would disclose information contained in such records. The parties will comply with the procedures set forth in the CM/ECF Administrative Procedures Manual (under Filing, ¶¶ (h)(1), (h)(2), of (i), as applicable) for filing under seal confidential documents which are subject to this protective order.

7. The party entitled to hold the information as confidential may waive the confidentiality of all or part of any otherwise confidential information or waive the

requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made by the waiving party in writing.

8. Information that is confidential shall be marked confidential by denoting "CONFIDENTIAL" or "PROPRIETARY INFORMATION." Trade secrets shall be identified as trade secrets by denoting "TRADE SECRETS." A party may designate portions of a deposition as confidential if it contains information designated as confidential by this Order and if such designation is made in writing within twenty-one (21) days of the transmittal of the deposition transcript, but no later than five (5) days prior to the deadline for filing a dispositive motion.

9. Any party receiving information marked as confidential or a designation of deposition testimony may dispute the designation of confidentiality by sending a written statement to the designating party. Thereafter, the parties shall meet and confer. If the parties cannot reach an agreement, the party seeking to maintain the confidentiality of the subject matter must file a motion asking for a determination of the confidential nature of the information which must be filed within fifteen (15) days of the date upon which the meet-and-confer is held. If no application is made, the material will cease to be confidential. If application is made, the material must be treated as confidential until the Court determines the matter.

10. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

11. Claims of Privilege or inadvertent disclosure of privileged or confidential material

5

shall be controlled as follows:

A. For any Claims of Privilege or attorney work product, the Producing Party (i.e., the party producing any discovery responses) must provide a reasonably detailed privilege log simultaneously with the production.

B. If a Producing Party discloses any information in connection with this pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

C. A Producing Party may assert in writing the attorney-client privilege or work product protection with respect to Disclosed Protected Information, and, in that event, shall simultaneously produce a privilege log with respect to the Disclosed Protected Information. The Receiving Party (i.e., the party receiving any discovery responses) must—unless it contests the claim of attorney-client privilege or work product protection in accordance with ¶ (C)—within fourteen (14) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

D.       If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within fourteen (14) business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion") pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Pending resolution of the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

E.       The parties may stipulate to extend the time periods set forth in ¶¶ 10(C) and 10(D).

F.       Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

G.       The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

H.       Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or

7

        work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be privileged documents or materials, then counsel for the Receiving Party shall: immediately, (i) cease any further review or use of that document or material and (ii) notify the Producing Party of the apparent inadvertent production, requesting whether the documents or materials are Disclosed Protected Information. In the event the Producing Party confirms the documents or material are Disclosed Protected Information, the Receiving Party shall comply with the procedure in paragraphs 10 B through D and take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties.

H.    The Receiving Party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable or timely steps to rectify the error as set forth in Federal Rule of Evidence 502(b).

12. This Order shall remain in force unless and until it is modified by this Court.
13. Information filed of record or presented in open court ceases to be confidential, when so filed or presented. However, such filed information shall not be used for

any other purpose by the parties in this case nor limit the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

14. The entry of this protective order does not constitute a determination that any materials designated as confidential are either relevant, admissible or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

15. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

16. At the conclusion of the litigation—which includes completion of all appeals, matters on remand or the expiration of time for appeals—counsel shall, if requested, return tax records, medical or counseling records, marital records, educational records and trade secrets. The balance of any other confidential records shall be returned or destroyed at counsel's option after the passage of five years. It is in all instances the responsibility of the party seeking return of documents to make a formal request for return and set out the proposed manner of return.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| ROBERT DOLAN AND JEFFERY LEE JONES, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CIMAREX ENERGY CO.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)  No. 2:20-cv-01304-WJ-CG<br>)<br>)<br>)  CLASS ACTION COMPLAINT<br>)<br>)<br>)<br>)<br>) |

## WRITTEN ACKNOWLEDGEMENT TO ABIDE
## BY THE TERMS OF THE PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the above-captioned litigation. I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the District of New Mexico with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose materials marked "CONFIDENTIAL" or "PROPRIETARY INFORMATION" to anyone other than persons specifically authorized by the Protective Order, and I agree to return to counsel or destroy all such materials which come into my possession. I also understand that, in the event that I fail to abide by the terms of this Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected producing party. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　Name of Individual:

　　Address:

　　Telephone No.:

　　Dated:

　　Signature: